**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Randolph Williams, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action  No. 5:11-cv-0274-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Officer Bernard Holman, | ) | |
| Chief Leroy Grimes and | ) | |
| The Town of Denmark, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court upon Defendants Bernard Holman ("Holman"), Leroy Grimes ("Grimes") and Town of Denmark's (together with Holman and Grimes, "Defendants") Motion for Summary Judgment [Dkt. No. 3]. Plaintiff Randolph Williams' ("Plaintiff") Complaint [Dkt. No. 1] alleges claims under 42 U.S.C. § 1983 for violations of his First and Fourth Amendment rights under the United States Constitution, and state law causes of action for conspiracy, malicious prosecution, abuse of process, false arrest, and battery. Plaintiff alleges Holman and Grimes are liable in their individual and official capacities. For the reasons stated below, Defendants' Motion for Summary Judgment is **GRANTED IN PART**. All federal claims are dismissed with prejudice. Having dismissed the federal claims, the court declines to exercise jurisdiction over the state law claims. *See* 28 U.S.C. § 1367. The Motion for Sanctions [Dkt. No. 45] is **DENIED AS MOOT**.

**FACTUAL BACKGROUND**

The events of this case arise out of the arrest of Plaintiff for disorderly conduct. The threshold factual dispute is the date of that arrest. Plaintiff's Complaint alleges that the events at issue occurred on July 24, 2010. [Dkt. No. 1]. The only evidence Plaintiff offers to prove when the

arrest happened is his affidavit, which states that "on or about July 24, 2010," he was arrested and charged with disorderly conduct. [Dkt. No. 37-1]. However, Plaintiff also attaches a letter from his attorney in the underlying criminal case on the disorderly conduct, which states that the date of the alleged arrest was June 2, 2009 (as Defendants claim). [Dkt. No. 37-2].

Defendants have also submitted multiple affidavits confirming that the only arrest of Plaintiff for disorderly conduct occurred on June 2, 2009. Officer Holman submitted an affidavit stating that he arrested Plaintiff for disorderly conduct on June 2, 2009. Aff. of Bernard Holman at 1 [Dkt. No. 30-2]. Chief Grimes testified in his affidavit that the Denmark Police Department's records do not show a disorderly conduct charge against Plaintiff made on July 24, 2010, but do show one on June 2, 2009. Aff. of Leroy Grimes at 1 [Dkt. No. 30-3]. The Clerk of the Denmark Municipal Court filed an affidavit that the court file on Plaintiff shows he was arrested on June 2, 2009, for disorderly conduct and that the charge is still pending. Aff. of Earlene Rouse at 1 [Dkt. No. 30-5]. Moreover, Plaintiff's Response to the Motion states that "[o]n or about July 10, 2010, apparently actually June 2, 2009," Plaintiff and his friends were arrested. [Dkt. No. 37]. Therefore, the court finds that Defendants have proved, and Plaintiff has conceded, that the events giving rise to this case occurred on June 2, 2009.

Plaintiff's one page affidavit states that on July 24, 2010 he and his friends were at Mr. Lee Jamison's home when Defendants entered without a warrant. [Dkt. No. 37-1]. Plaintiff does not give the address of the home. The only information that Plaintiff gives as to the address of the incident is in his Complaint, which states that Plaintiff and friends "were together in the home of Mr. Jamison at 6600." [Dkt. No. 1]. In his affidavit, he alleges that the agents handcuffed one of his friends and Plaintiff asked, "what's wrong?" and then was "grabbed and restrained" and placed in handcuffs.

*Id.* Defendants submit affidavits from Defendants Holman and Grimes, a photo of the scene of the arrest and an affidavit from the court clerk setting out the status of the case against Plaintiff. Moreover, Defendants attach to their reply the property records from the Bamberg County Assessor, setting out Mr. Jamison's address, which has no "6600" in it. [Dkt. No. 40-4]. Defendants state that Plaintiff was arrested at a former night club whose alcohol license had been revoked. [Dkt. No. 30-2]. The location is a commercial one, which did not require a warrant for the police to enter. *Id.* Mr. Jamison owns the establishment and the police believed he was illegally selling alcohol. *Id.* Defendant Holman testified that Plaintiff interfered with the investigation and was handcuffed until it was completed. He was not jailed. *Id.*

Plaintiff filed his Complaint on February 1, 2011, but did not serve Defendants until September 4, 2012. [Dkt. No. 26]. The case was stayed when it was first filed; however, Judge Margaret Seymour lifted the stay on October 5, 2011, and required Plaintiff to serve Defendants by January 5, 2012, [Dkt. No. 17], which Plaintiff failed to do. Judge Seymour transferred the case to Judge Terry Wooten on October 25, 2011. [Dkt. No. 18]. Judge Wooten issued an order on September 4, 2012, advising Plaintiff that service was required by January 5, 2012, and that proof of such service must be filed by September 14, 2012. [Dkt. No. 24]. Plaintiff served Defendants on September 6, 2012, and filed the summons on September 8, 2012. [Dkt. No. 26]. Plaintiff's Complaint alleges Fourth Amendment violations for malicious prosecution and arrest without probable cause. He alleges a First Amendment violation in that he was punished for "political speech." [Dkt. No. 1]. The only evidence that Plaintiff puts forth in support of his case is his own affidavit and an unauthenticated letter from his attorney in the underlying criminal action to the judge in that case, requesting a jury trial.

3

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

4

## DISCUSSION

### A.  Sufficiency of the Evidence

Summary judgment on Plaintiff's federal claims is appropriate at the outset because he fails to submit evidence other than his own conclusory, self-serving affidavit and an unauthenticated letter from his attorney in the underlying criminal action. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954 (4th Cir. 1996) ("self-serving opinions without objective corroboration" and statements that are "hearsay, irrelevant or conclusory" are properly stricken).  Once the self-serving and conclusory statements are excluded here, there is nothing left to support Plaintiff's claims.  Thus, summary judgment is appropriate on these grounds.  In an abundance of caution, the court concludes further that summary judgment is appropriate on additional grounds.

### B.  Statute of Limitations

Defendants argue that Plaintiff's case is barred by the applicable statute of limitations. Causes of action brought pursuant to 42 U.S.C. § 1983 are governed by the appropriate state's statute of limitation for general personal injury cases. *Owens v. Okure*, 488 U.S. 235, 236 (1989).  The South Carolina statute of limitations for a personal injury case is three years, as set forth in S.C. Code § 15-3-530(5) (establishing a three year statute of limitations for causes of action arising on or after April 5, 1988).  While this action was filed within three years of Plaintiff's arrest (on February 1, 2011), Plaintiff did not serve any of the Defendants until September 6, 2012 (more than three months after the three year deadline).  Under the Federal Rules of Civil Procedure, the filing of the action tolls the statute of limitations.  FED. R. CIV. P. 3.  However, under the South Carolina Rules of Civil Procedure, an action is commenced when the summons and complaint are filed with the clerk of court *if* "(1) the summons and complaint are served within the statute of limitations in

any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing." Here, the summons and complaint were not served within the statute of limitations or within one hundred and twenty days of the filing of the case. Defendants argue that the court should apply the South Carolina Civil Procedure Rules rather than Federal Rule 3. The court disagrees. As the Supreme Court articulated in *West v. Conrail*, "when it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary." 481 U.S. 35, 39 (1987); *Pastene v. Beaufort Cnty. Sch. Dist.*, 2004 WL 3961191 (D.S.C. Jan. 28, 2004) (finding that Defendants' reliance on South Carolina Rule of Civil Procedure 3 in determining the date an action was commenced was inappropriate in a 42 U.S.C. § 1983 analysis).

## C. Defendants Grimes and Town of Denmark

Plaintiff makes no specific allegations against Defendants Grimes or the Town of Denmark. He merely claims that Grimes is a policymaker for the town and that his rights were violated by the Town's policies. Therefore, Plaintiff is proceeding against the Town and Grimes in a respondeat superior capacity. Plaintiff makes his federal claims under 42 U.S.C. § 1983, which "'is not in itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). To assert a claim under section 1983, a plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under the color of state law. 42 U.S.C. § 1983. The doctrine of respondeat superior generally does not apply to claims brought under section 1983. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). A municipality

may be liable under section 1983 only if the alleged wrongful conduct causing the constitutional deprivation is undertaken to effectuate an official policy or custom of the municipality. *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). A municipality may be liable for the wrongful acts of its employees if the municipality knows of a pervasive, unreasonable risk of harm from a specific source and as the result of a deliberate indifference or tacit authorization, does not take corrective action. *Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984).

> Generally, a failure to supervise gives rise to a § 1983 liability, however, only in those situations in which there is a history of widespread abuse. Only then may knowledge be imputed to the supervisory personnel. A single act or isolated incidents are normally insufficient to establish supervisory inaction upon which to predicate § 1983 liability.

*Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983). Once it is demonstrated that there is a policy established and maintained by the municipality, the municipality is liable for deprivations of constitutional rights caused by actions pursuant to that policy. *Id.* Plaintiff makes no allegations and has presented no evidence about discriminatory actions of Grimes or the Town of Denmark. He points to no specific policy that he claims is discriminatory. Nothing in his Complaint, let alone in his affidavit (the only evidence before the court), demonstrates that either of these Defendants violated the United States Constitution in any way. Therefore, summary judgment is appropriate for the § 1983 claims against Grimes and the Town of Denmark.

**D. 1983 Claims--Defendant Holman**

Plaintiff also brings a cause of action against Defendant Holman for a violation of section 1983. Because the statute does not confer substantive rights but only provides the enforcement mechanism for violations of those rights, the first step in analyzing a section 1983 claim is to identify the federal right that has allegedly been infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

7

Plaintiff alleges that Defendant Holman violated his Fourth Amendment rights in arresting him without probable cause and violated his First Amendment rights because he alleges he was arrested for criticizing the officers.

Section 1983 claims for false arrest are analyzed as to whether or not they are unreasonable seizures under the Fourth Amendment. *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). To establish that an arrest was unreasonable, the arrest must be without probable cause. *Id.* "Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest. For probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." *Id.* (internal citations omitted). Courts consider two main factors in determining whether probable cause exists: "the suspect's conduct as known to the officer, and the contours of the offense thought to be committed by that conduct." *Id.* (quoting *Pritchett v. Alford,* 973 F.2d 307, 314 (4th Cir.1992)).

The court finds that Defendants have put forth competent evidence to show that Defendant Holman had probable cause to arrest the Plaintiff. Defendants submitted two affidavits, one from Defendant Holman and one from Chief Grimes, which state with specificity the nature of the altercation with Plaintiff and the date and location of the arrest. Though Plaintiff claims in his affidavit that he was at a friend's house, the Defendants submitted affidavits and Plaintiff's arrest record, along with a photograph of the scene, to successfully refute that claim. Defendants have also provided property records to prove that Plaintiff's reference to "6600" as Mr. Jamison's address is incorrect and untrue. Plaintiff has provided no corroboration or credible evidence to refute Defendants' proof. Defendants have proved that the police entered a commercial establishment to

8

conduct a legitimate investigation. Plaintiff admits he was there when they entered. The court does not credit Plaintiff's account of the incident that he was arrested for simply asking "what's wrong" but instead for interfering with the legitimate investigation. Therefore, Plaintiff's claim for false arrest under section 1983 fails.

Plaintiff also alleges a First Amendment violation in that Defendants "punished him for his political speech." [Dkt. No. 1]. A plaintiff making a claim for a First Amendment retaliation claim under section 1983 must prove three elements. "First, the plaintiff must demonstrate that his or her speech was protected. Second, the plaintiff must demonstrate that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech. Third, the plaintiff must demonstrate that a causal relationship exists between its speech and the defendant's retaliatory action." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 686 (4th Cir. 2000). Here, Plaintiff has not even alleged, must less proven, that he engaged in "political speech." Plaintiff has not established that his speech was protected. In fact, the only speech he even alleges is asking "what's wrong?" He does not allege that it is this speech for which he was arrested. Defendants have shown, through their affidavits, that Plaintiff was arrested for interfering with the legitimate police investigation. Therefore, Plaintiff's First Amendment claim fails.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Dkt. No. 30] is **GRANTED IN PART**. Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**. The court declines to exercise jurisdiction over Plaintiff's state law claims and these are **DISMISSED**

**WITHOUT PREJUDICE**.  Defendants' Motion for Sanctions [Dkt. No. 45] is **DENIED AS MOOT**.

      **IT IS SO ORDERED**.


                                     United States District Judge

June 14, 2013
Greenville, South Carolina